**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Case No. 1:07 CR 225** |
| ) | Civil Case No. 1:10cv1827 |
| **Plaintiff,** ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | <u>**MEMORANDUM OF OPINION**</u> |
| ) | <u>**AND ORDER**</u> |
| **SCOTT KOLLAR,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is the *Pro Se* Petitioner Scott Kollar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (**Doc #: 77**.) For the following reasons, the § 2255 Motion is summarily **DISMISSED**.

**I.**

The facts relevant to the pending § 2255 Motion follow.

On April 11, 2007, a federal grand jury returned an indictment charging Scott Kollar and a co-defendant, Henry Hernandez, with conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B) and 846 (Count 1); two counts of distributing cocaine in violation of §§ 841(a)(1) and (b)(1)(C) (Counts 2 and 3); and possession with intent to distribute cocaine in violation of §§ 841(a)(1) and (b)(1)(C). (Doc #: 9.)

On June 8, 2007, the government filed an information, under 21 U.S.C. § 851, notifying Kollar of its intent to rely on a prior felony drug trafficking conviction to enhance the applicable penalty provisions under § 841(b). (Doc #: 24.)

On June 11, 2007, Kollar entered a guilty plea, pursuant to a written plea agreement with the government. (Doc ##: 29, 31 ("Plea Agr.").) Therein, Kollar agreed to plead guilty to Count 1 of the indictment (i.e., conspiracy to possess with intent to distribute more than 500 grams of cocaine) in exchange for the government's dismissal of Counts 2 through 4 at the time of sentencing. (Plea Agr. ¶¶ 11, 12.) The plea agreement reflects Kollar's understanding that because he had one prior felony drug offense, he would be exposed to an enhanced mandatory minimum sentence of ten years to a maximum sentence of life in prison. (Id. ¶¶ 2, 3.) The parties agreed that, for purposes of this case, the amount of cocaine attributable to Kollar was 533.9 grams. (Id. ¶ 31.) Kollar acknowledged that he had been informed by counsel of his appeal rights. (Plea Agr. ¶ 26.) He expressly waived those rights except the right to appeal a sentence above the statutory maximum or in excess of the maximum sentencing range under the advisory guidelines. (Id.) The waiver provision of the plea agreement did not specifically preserve Kollar's right to challenge the Court's determination about Kollar's career offender status or his request for a role in the offense reduction. However, at the change of plea hearing, the parties agreed that Kollar could appeal those two issues, and the plea agreement was modified to reflect that agreement. (Id. ¶¶ 32, 36.) The plea agreement noted that nothing in the waiver provision barred him from perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. ¶ 26.)

On October 1, 2007, the Court held a sentencing hearing. The Court quickly determined that Kollar was a career offender, which put Kollar at a base offense level of 37. He was given a three-level reduction for acceptance of responsibility and a timely guilty plea. Kollar was then

given another two-level reduction to offense level 32 based upon the filing of a § 5K1.1 motion. The Court determined that Kollar's eighteen criminal history points placed him well within criminal history category VI. The Court opted to impose a sentence that was between the advisory guidelines range for a career offender in Kollar's criminal history category (210 to 262 months) and the advisory guidelines range for Kollar without the career offender designation (120 to 150 months). The Court determined that the midpoint between those sentencing ranges was a level 29, criminal history category six, with a sentencing range of 151 to 188 months. The Court sentenced Kollar to the midpoint of that range, or 169 months, followed by five years of supervised release. (Doc ##: 48, 51.) Pursuant to the government's motion, the Court dismissed Counts 2 through 4. (Doc #: 51.)

Kollar directly appealed the Court's sentence, arguing that the sentence was unreasonable and that the Court erred when it found him to be a career offender, denied his request for a two-point downward departure for his minor role in the conspiracy, and denied his request for a one-level reduction in criminal history because category VI substantially over-represented the seriousness of his criminal history. (Doc #: 56.) The Sixth Circuit affirmed the Court's rulings and the sentence. (Doc #: 71.) *See also U.S. v. Kollar*, 336 Fed. Appx. 497 (6th Cir. Jul. 9, 2009). The Supreme Court denied Kollar's petition for certiorari. (Doc #: 74.) Kollar has timely filed a § 2255 Motion, challenging both his conviction and sentence on three grounds.

**II.**

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." *Id*. A motion under § 2255 is not a substitute for direct appeal and presents a higher standard that a petitioner must clear to bring a claim. *United States v. Frady*, 456 U.S. 152, 164 (1982). A § 2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the law. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Davis v. United States*, 417 U.S. 333, 345 (1974).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id*. Having reviewed the records and transcripts relating to the judgment under attack, the Court finds, for reasons explained below, that Kollar is not entitled to relief.

### III.

#### A.

In Ground One, Kollar alleges misconduct on the part of the government because the prosecutor did not have the drug quantity test results at the preliminary hearing, he did not provide the results in response to Kollar's motion for discovery, and he "lied"about the drug weight when it was really only 472 grams of cocaine. The Court finds that Kollar has

procedurally defaulted this claim because it was readily apparent from the face of the trial court record but he failed to present it on direct appeal.

In order for the Court to consider this claim on collateral review, Kollar must establish cause and actual prejudice resulting from the default. *Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). As cause for procedural default, Kollar asserts that his appellate counsel did not raise the issue because she "did not want to attack the government." (Doc #: 77.) Giving broadest possible interpretation to Kollar's words, the Court presumes he is alleging that appellate counsel's ineffectiveness caused the procedural default.

The right to counsel guaranteed by the Sixth Amendment is deemed to be the right to effective assistance of counsel. *McElrath v. Simpson*, 595 F.3d 624, 630 (6th Cir. 2010) (citing *McMann v. Richardson*, 397 U.S. 759 n.14 (1970)). To assert a claim for ineffective assistance of counsel, the defendant must make two showings. First, he must show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That is, counsel made errors so serious that he was not functioning as the effective counsel guaranteed by the Sixth Amendment. *Id*. Second, the defendant must show that he was prejudiced by counsel's deficient performance – effectively depriving him of a fair trial. *Id*.

Because of the difficulties inherent in making the first evaluation, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. To establish prejudice, the defendant must show that there is a reasonable

probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 697. If the Court determines that petitioner has failed to satisfy one prong of the *Strickland* test, the Court need not consider the other. *Id*. The *Strickland* test applies to appellate, as well as trial, counsel. *Burger v. Kemp*, 483 U.S. 776 (1987); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).

Kollar cannot show prejudice to excuse the procedural default. Count 1 of the indictment charges Kollar with conspiracy to possess with the intent to distribute more than 500 grams of cocaine. Kollar stipulated in the plea agreement that the amount of cocaine attributable to him as a result of his participation in the conspiracy was 533.9 grams. (Plea Agr. ¶ 31.) The plea agreement supports this amount since Kollar admitted delivering approximately 28 grams (i.e., 1 ounce) of cocaine to a confidential source on March 9, 2007; he delivered 40 grams of cocaine to the undercover agent a few days later; he was observed in his apartment building in an apartment where a search revealed 470 grams of cocaine and equipment for cutting and repackaging the cocaine; and Kollar admitted working in the repackaging venture. (Id. ¶¶ 14-24.) Because Kollar cannot show prejudice to excuse the procedurally defaulted prosecutorial misconduct claim alleged in Ground One, the claim is dismissed.

**B.**

In Ground Two, as best the Court can decipher, Kollar challenges his sentence on the basis that (1) the 21 U.S.C. § 851 enhancement that was used to increase his sentence was not filed with or at the same time as his indictment, (2) the sentence enhancement was not filed prior to his change of plea – despite the fact that he requested, and was granted, a pre-plea sentence investigation report; thus, he was "never given the opportunity to fight the enhancement before

[he] pled guilty," and (3) he was told by trial counsel that his sentence would not be enhanced if the presentence investigation report was not issued by the time of his change of plea hearing. There are numerous problems with this ground for relief.

As the plea agreement states and the Sixth Circuit has pointed out, Kollar waived the right to challenge his sentence unless it was above the statutory maximum, it was in excess of the maximum sentencing range under the Guidelines, or it involved the Court's determination of his career offender status or his role in the offense.  The Court imposed a sentence below the applicable guidelines range, and Kollar has already unsuccessfully challenged the Court's determination of his career offender status and his role in the offense on direct appeal.  Without some highly extraordinary circumstance such as an intervening change in the law, there is no basis upon which he can challenge his sentence on collateral review.  *Jones*, 178 F.3d at 796; *Davis*, 417 U.S. at 345.  The Sixth Circuit has ruled that Kollar's waiver of the right to challenge his sentence on any basis other than the exceptions set forth in his plea agreement, was knowing and voluntary.  *See Kollar*, 336 Fed. Appx. at 503-04.

While there is no need to address the merits of Kollar's claim, the Court notes in passing that there is no requirement that a sentence enhancement be filed at the time of the indictment. Under 21 U.S.C. § 851, a sentence enhancement must be filed prior to trial or entry of a guilty plea.  The record shows that the government filed the enhancement three days prior to Kollar's change of plea hearing.  (See Doc ##: 24, 29, 30.)

To the extent that Kollar is bringing this claim as an ineffective assistance of trial or appellate counsel claim, it fails because he can show no prejudice since the plea agreement expressly reflects Kollar's understanding that he had at least one prior felony drug offense and,

thus, his sentence was subject to enhancement under 21 U.S.C. § 851 – exposing him to a mandatory minimum prison sentence of ten years and a maximum of life. (See Plea Agr. ¶ 3.)

### C.

In Ground Three, Kollar alleges ineffective assistance of trial counsel on the basis that trial counsel refused to contest Kollar's career offender designation, and ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on direct appeal. This claim also fails.

Kollar already challenged his designation as a career offender on direct appeal, and the Sixth Circuit affirmed the Court's career offender designation. *See Kollar*, 336 Fed. Appx. at 499-500. Accordingly, Kollar cannot show that his trial counsel's failure to object to that designation was deficient, or that he was prejudiced by counsel's failure to object. Because he cannot show that trial counsel was ineffective, he has no basis for a claim that appellate counsel was ineffective for failing to raise this issue earlier.

### IV.

Since it is apparent from an examination of the 2255 Motion and the entire record that Kollar's grounds for relief are meritless, his § 2255 Motion (**Doc #: 77**) is summarily **DISMISSED** under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     August 31, 2010*
**Dan Aaron Polster**
**United States District Judge**